UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RANDOLPH SCOTT PEPKE JR.,
Individually and as natural parent
and guardian of LILA SNOW PEPKE,
LAYLA SKY PEPKE and LILY
RAIN PEPKE,

        Plaintiff,

 vs.

FLORIDA DEPARTMENT OF FAMILIES,
CENTER FOR FAMILY & CHILD
ENRICHMENT, INC., BELIA PENA,
YOLANDA NOGUERAS, ERICA
LEE, MARIA GANDUL, MIKE CARROLL,
ANNETTE JOSE, RONNITA WATERS and
DOCTOR QUINA H. MUNSON.

        Defendants.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, RANDOLPH SCOTT PEPKE JR (hereinafter "FATHER" or "Plaintiff"),

individually, and as natural parent and guardian of LILA SNOW PEPKE, LAYLA SKY PEPKE

and LILY RAIN PEPKE (hereinafter "CHILDREN") by and through his undersigned counsel,

hereby sues the Defendant, FLORIDA DEPARTMENT OF FAMILIES CENTER FOR FAMILY

& CHILD ENRICHMENT, INC. (hereinafter "DCF"), CENTER FOR FAMILY & CHILD

ENRICHMENT, INC. (hereinafter "CFCE"), BELIA PENA, YOLANDA NOGUERAS, ERICA

LEE, MARIA GANDUL, MIKE CARROLL, ANNETTE JOSE, RONIITA WATERS and

DOCTOR QUINA H. MUNSON, and states as follows:

### JURISDICTION AND PARTIES

1.  This is an action for damages that exceed $150,000.00, and for other relief within the

1

jurisdiction of this Court.

2.   That all times material hereto, FATHER and CHILDREN were residents of Miami-Dade County, Florida, and otherwise sui juris.

3.   That all times material hereto, DCF was and is a political subdivision of the State of Florida, was authorized to do business, doing business and maintaining offices in Miami-Dade County, Florida and is sui juris.

4.   That at all times material hereto, CFCE was and is a political subdivision of the State of Florida, was authorized to do business, doing business and maintaining offices in Miami-Dade County, Florida and is sui juris.

5.   That at all times material hereto, unknown agents, servants, and/or employees, were acting within the course and scope of their employment with DCF.

6.   That at all times material hereto, unknown agents, servants, and/or employees, were acting within the course and scope of their employment with CFCE.

**7.**   That at all times material, Defendant, BELIA PENA, was working as a Child Protective Investigator on behalf of DCF in Miami-Dade County, Florida, where the incidences occurred, and is sui juris.

8.   That at all times material, Defendant, YOLANDA NOGUERAS, was working as a Child Protective Investigator on behalf of DCF in Miami-Dade County, Florida, where the incidences occurred, as is sui juris.

9.   That at all times material, Defendant, ERICA LEE, was working as a Child Protective Investigator on behalf of DCF in Miami-Dade County, Florida, where the incidences occurred, as is sui juris.

10. That at all times material, Defendant, MARIA GANDUL, was working as a Client

Relations Coordinator for DCF in Miami-Dade County, Florida, where the incidences occurred, as sui juris.

11. That at all times material, Defendant, MIKE CARROLL, was working as a Secretary for DCF in Miami-Dade County, Florida, where the incidences occurred, as sui juris.

12. That at all times material, Defendant, ANNETTE JOSE, was working as Quality Management Manager for DCF in Miami-Dade County, Florida, where the incidences occurred, as sui juris.

13. That at all times material, Defendant, RONNITA WATERS, was working as a Manager for DCF in Miami-Dade County, Florida, where the incidences occurred, as sui juris.

14. That at all times material, DOCTOR QUINA H. MUNSON, was working as a mental health professional responsible for providing reports to DCF and CFCE in Miami-Dade County, Florida, where the incidences occurred, as sui juris.

<u>BACKGROUND</u>

15. On November 6, 2015, DCF removed CHILDREN from FATHER's care and custody and placed them in Foster Care after receiving frivolous reports of abuse.  This occurred without the proper investigation or consideration of alternative measures to consider the best interests of CHILDREN.

16. After CHILDREN were placed with foster care families, CFCE continuously failed to maintain proper welfare and "Policy and Procedural" supervision of CHILDREN after reports that they were neglected, abused and abandoned with multiple foster families, the biological mother and CFCE personnel.

17. CFCE employed multiple case managers to supervise the status of CHILDREN that

have continuously failed to complete and submit vital reports, documentation, and welfare concerns to DCF.

18. CFCE failed to submit vital reports, documentation, and welfare concerns include, but are not limited to, child abuse, neglect, abandonment in foster care and with the biological mother, incomplete home studies and case plans, lack of communication with other agencies, the failure to conduct services for CHILDREN, lack of communication with FATHER on unavailability or temporary/permanent case manager replacements.

19. DCF also ignored the actual information, reports and documentation that were submitted to it regarding child abuse, neglect, abandonment in foster care and with the biological mother, incomplete home studies and case plans, lack of communication with other agencies, the failure to conduct services for CHILDREN, lack of communication with FATHER on unavailability or temporary/permanent case manager replacements.

20. Defendants, BELIA PENA, YOLANDA NOGUERAS and ERICA LEE, failed to properly investigate and knowingly gave false information at the shelter hearing which were not the same allegations in the initial Petition.

21. Defendants, BELIA PENA, YOLANDA NOGUERAS and ERICA LEE, ignored medical examiner facts and worked with the biological mother in an attempt to falsely accuse FATHER and prevent him from having custody of CHILDREN.

22. Defendant, BELIA PENA, directed another acquaintance of FATHER, Sandra Murillo, to file a false Restraining Order against FATHER, which was subsequently dismissed.

23. Defendants, MARIA GANDUL and MIKE CARROLL, failed to properly investigate numerous requests and complaints provided by FATHER for the conduct of BELIA PENA, YOLANDA NOGUERAS and ERICA LEE between 2015 and 2017.

24. Defendant, ANNETTE JOSE, failed to maintain an accurate account of facts and events after having knowledge of the abuse of the children and false information reported by DCF.

25. Defendant, RONNITA WATERS, failed to report abuse and neglect being caused to CHILDREN by the biological mother and foster care families.  Additionally, she provided frivolous cultural explanations to justify her reports as to why CHILDREN may have perceived their situation as abuse, while other races of children would not consider it abuse.

26. Defendant, DOCTOR QUINA H. MUNSON, failed to report known abuse done to CHILDREN while in the custody of the biological mother and foster care families while under the care of DCF.  Defendant also falsified information to DCF and the Dependency Judge regarding the conduct by FATHER on two occations, which involved creating false reports and evaluations of CHILDREN of their ability to testify.

27. Child Advocate agency employees, Brenda Crouch and Supervisor Alison Irvin, submitted vital critical time sensitive communications by phone and email requesting the termination of weekly visits to CFCE Case Manager Jonathan Givens and Smith Desravines from September 2016 to June 12, 2017, which were ignored by CFCE and DCF.

28. Guardian Ad Litems, Kristen and Albania Hernandez, who were appointed for CHILDREN from November 23, 2015 to March 9, 2016, represented serious concerns at a Court hearing held on January 12, 2016, when CHILDREN were placed with the biological mother. However, instead of investigating those concerns, DCF removed the guardians from the case without notice of a hearing to FATHER, on or about March 2016.

29. Following that time, there was no Guardian Ad Litem appointed to FATHER's case until August 2, 2016, five months without any proper guardians in place for CHILDREN.

30. DCF knowingly failed to investigate or properly convey vital information to the Dependency Court Judges to make appropriate decisions for the "best interests of the children".

31. On August 15, 2016, CHILDREN were placed back in FATHER's custody after a determination that there would be harm done by the biological mother and foster families and it would be in the best interest of CHILDREN. It was also shown to the Court that the CHILDREN were previously "coached" and manipulated by the biological mother to make up stories about the conditions with FATHER.

32. CHILDREN were mistreated and abused while being placed back in the custody of the biological mother. FATHER and CHILDREN suffered emotional harm because CHILDREN were unlawfully denied the love and support of their family while in the custody of the biological mother by being separated from their family. This abuse and mistreatment included but is not limited to CHILDREN being physically abused and hit by the biological mother, verbally abused, being bullied, being forced fed unnecessary medication, being brainwashed to believe that FATHER was the culprit, being coached with lies and misrepresentations, having their homework neglected causing them to fail, being left home alone for extended periods of time (8 plus hours).

33. CHILDREN were mistreated and abused while in the custody of DCF. FATHER and CHILDREN suffered emotional harm because CHILDREN were unlawfully denied the love and support of their family while in custody of the DCF by being separated from their family. This abuse and mistreatment included but is not limited to CHILDREN being locked in rooms, neglected to the point where they had tooth decay, spit in their faces and food, being physically abused, forced to watch rape scene movies, having their homework neglected due to the lack of

6

oversight by the foster families, having various medical issues, such as ring work as a result of the neglect, forced to wear clothes and shoes that didn't fit causing injuries.

34. DCF and CFCE were well aware of the ongoing abuse of the children through ongoing reports, investigative findings but failed to act and move to protect CHILDREN.

35. The recommendations submitted to the court indicated that FATHER's "strengths is that he demonstrates great love towards his CHILDREN. As a result, CHILDREN seem to be a great source of motivation for him. There are no barriers/challenges to achieving the permanency goal as to the CHILDEN. CHILDREN are seen face to face in the home along with FATHER every 25th day as there are no concerns and no case plan tasks for FATHER; but it should be noted that this is because the children have not yet been adjudicated as to the father. Case plan goal is to maintain and strengthen with the FATHER…."

36. Long before and after the proper placement of CHILDREN were given back to FATHER, the biological mother continuously failed to attend hearings or make a claim for CHILDREN after falsely accusing FATHER. The biological mother never attended a hearing after July 2016 and violated numerous court orders.

37. However, although the compelling evidence clearly shows that FATHER is not a danger to CHILDREN and it would clearly be in the best interest for CHILDREN to stay in the permanent custody of FATHER, DCF continuously fails to close the case and has repeatedly interfered and harassed with FATHER and CHILDREN's lives.

38. After CHILDREN were placed back in FATHER's custody following the hearing on August 15, 2016, there were at least thirty more hearings and frivolous filings by DCF in an attempt to continue to harass FATHER and defame his character, although the record clearly

showed that it was the CHILDREN's best interest to remain with FATHER and discontinue further services.

<u>COUNT I- VIOLATIONS OF CIVIL RIGHTS UNDER SECTION 1983 AGAINST DEFENDANT, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES</u>

39. Plaintiff, RANDOLPH SCOTT PEPKE, re-alleges and re-avers the allegations contained above as through more fully set forth herein.

40. Plaintiff, RANDOLPH SCOTT PEPKE, alleges that Defendant, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, violated his First Amendment (right to associate with his children); Fourth Amendment (right against unlawful seizure); Fifth Amendment (right against unlawful taking of his children and Right to Due Process)); in violation of 42 U.S.C. §1983.

41. Plaintiff, RANDOLPH SCOTT PEPKE, has a constitutional right to raise and live with his children as a family.  They were deprived of a right secured by the Constitution of the United States and that deprivation was committed under the color of Federal and State Law.

42. DCF, acted to deprive FATHER of his constitutional rights by unlawfully interfering with the family unit without due process by having no reasonable suspicion or credible investigation for the seizure of  LILA SNOW PEPKE, LAYLA SKY PEPKE and LILY RAIN PEPKE.

43. DCF has exhibited deliberate indifference to the constitutional rights of Plaintiffs by knowingly, intentionally or with reckless disregard ignoring the competent record evidence that CHILDREN would be in no harm while in the custody of FATHER.

44. DCF has knowingly, intentionally, or with reckless disregard ignored credible record evidence establishing that CHILDREN were in great danger and suffered abuse while in the custody of their biological mother and foster care families while in the care of DCF.

8

45. DCF has knowingly, intentionally or with reckless disregard failed to reasonable investigate the reports of abuse of the CHILDREN, and when offered evidence that established the FATHER was never liable for such abuse, while the biological mother "coached" the CHILDREN and performed her own abuse, along with the foster families, DCF willfully ignored and discarded the evidence.

46. As a result of the actions of DCF, CHILDREN were removed from FATHER, placed in abusive settings with the biological mother and foster care families under the supervision of DCF.

47. As a result of the actions of DCF, FATHER and CHILDREN suffered physical harm, emotional harm and the loss of the love and support of their family.

WHEREFORE, Plaintiff, RANDOLPH COTT PEPKE, individually, and as natural parent and guardian of LILA SNOW PEPKE, LAYLA SKY PEPKE and LILY RAIN PEPKE, demands judgment against Defendant, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, for compensatory damages, punitive damages, interest, costs, attorneys' fees pursuant to 42 U.S.C. §1988 and any such other relief as this Court may deem equitable and just under the circumstances, and a trial by jury of all issues triable as a matter of right by a jury.

## COUNT II- VIOLATIONS OF CIVIL RIGHTS UNDER SECTION 1983 AGAINST DEFENDANT, CENTER FOR FAMILY & CHILD ENRICHMENT, INC.

48.  Plaintiff re-alleges and re-avers the same allegations set forth in paragraphs set forth above.

49. Plaintiff, RANDOLPH SCOTT PEPKE, alleges that Defendant, CENTER FOR FAMILY & CHILD ENRICHMENT, INC., violated his First Amendment (right to associate with his children); Fourth Amendment (right against unlawful seizure); Fifth Amendment (right

against unlawful taking of his children and Right to Due Process)); in violation of 42 U.S.C. §1983.

50. Plaintiff, RANDOLPH SCOTT PEPKE, has a constitutional right to raise and live with his children as a family.  They were deprived of a right secured by the Constitution of the United States and that deprivation was committed under the color of Federal and State Law.

51. CFCE, acted to deprive FATHER of his constitutional rights by unlawfully interfering with the family unit without due process by having no reasonable suspicion or credible investigation to allow DCF to continue the seizure of  LILA SNOW PEPKE, LAYLA SKY PEPKE and LILY RAIN PEPKE.

52. CFCE has exhibited deliberate indifference to the constitutional rights of Plaintiffs by knowingly, intentionally or with reckless disregard ignoring the competent record evidence that CHILDREN would be in no harm while in the custody of FATHER.

53. CFCE has knowingly, intentionally, or with reckless disregard ignored credible record evidence establishing that CHILDREN were in great danger and suffered abuse while in the custody of their biological mother and foster care families while in the care of DCF.

54. CFCE has knowingly, intentionally or with reckless disregard failed to reasonable investigate the reports of abuse of the CHILDREN, and when offered evidence that established the FATHER was never liable for such abuse, while the biological mother "coached" the CHILDREN and performed her own abuse, along with the foster families, CFCE willfully ignored and discarded the evidence.

55. As a result of the actions of CFCE, CHILDREN continued to be removed from FATHER, placed in abusive settings with the biological mother and foster care families under the supervision of DCF.

56. As a result of the actions of CFCE, FATHER and CHILDREN suffered physical harm, emotional harm and the loss of the love and support of their family.

WHEREFORE, Plaintiff, RANDOLPH COTT PEPKE, individually, and as natural parent and guardian of LILA SNOW PEPKE, LAYLA SKY PEPKE and LILY RAIN PEPKE, demands judgment against Defendant, CENTER FOR FAMILY & CHILD ENRICHMENT, INC., for compensatory damages, punitive damages, interest, costs, attorneys' fees pursuant to 42 U.S.C. §1988 and any such other relief as this Court may deem equitable and just under the circumstances, and a trial by jury of all issues triable as a matter of right by a jury.

<u>COUNT III- VIOLATIONS OF CIVIL RIGHTS UNDER SECTION 1983 AGAINST DEFENDANT, BELIA PENA</u>

57. Plaintiff, RANDOLPH SCOTT PEPKE, re-alleges and re-avers the allegations contained above as through more fully set forth herein.

58. Plaintiff, RANDOLPH SCOTT PEPKE, alleges that Defendant, BELIA PENA, violated his First Amendment (right to associate with his children); Fourth Amendment (right against unlawful seizure); Fifth Amendment (right against unlawful taking of his children and Right to Due Process)); in violation of 42 U.S.C. §1983.

59. Plaintiff, RANDOLPH SCOTT PEPKE, has a constitutional right to raise and live with his children as a family.  They were deprived of a right secured by the Constitution of the United States and that deprivation was committed under the color of Federal and State Law.

60. BELIA PENA acted to deprive FATHER of his constitutional rights by unlawfully interfering with the family unit without due process by having no reasonable suspicion or credible investigation for the seizure of LILA SNOW PEPKE, LAYLA SKY PEPKE and LILY RAIN PEPKE.

61. BELIA PENA has exhibited deliberate indifference to the constitutional rights of

11

Plaintiffs by knowingly, intentionally or with reckless disregard ignoring the competent record evidence that CHILDREN would be in no harm while in the custody of FATHER.

62. BELIA PENA has knowingly, intentionally, or with reckless disregard ignored credible record evidence establishing that CHILDREN were in great danger and suffered abuse while in the custody of their biological mother and foster care families while in the care of DCF.

63. BELIA PENA has knowingly, intentionally or with reckless disregard failed to actively and reasonably investigate the reports of abuse of the CHILDREN, and when offered evidence that established the FATHER was never liable for such abuse, while the biological mother "coached" the CHILDREN and performed her own abuse, along with the foster families, BELIA PENA willfully ignored and discarded the evidence.

64. As a result of the actions of BELIA PENA, CHILDREN were removed from FATHER, placed in abusive settings with the biological mother and foster care families under the supervision of DCF.

65. As a result of the actions of BELIA PENA, FATHER and CHILDREN suffered physical harm, emotional harm and the loss of the love and support of their family.

WHEREFORE, Plaintiff, RANDOLPH COTT PEPKE, individually, and as natural parent and guardian of LILA SNOW PEPKE, LAYLA SKY PEPKE and LILY RAIN PEPKE, demands judgment against Defendant, BELIA PENA, for compensatory damages, punitive damages, interest, costs, attorneys' fees pursuant to 42 U.S.C. §1988 and any such other relief as this Court may deem equitable and just under the circumstances, and a trial by jury of all issues triable as a matter of right by a jury.

<u>COUNT IV- VIOLATIONS OF CIVIL RIGHTS UNDER SECTION 1983 AGAINST
DEFENDANT, YOLANDA NOGUERAS</u>

66. Plaintiff, RANDOLPH SCOTT PEPKE, re-alleges and re-avers the allegations

contained above as through more fully set forth herein.

67. Plaintiff, RANDOLPH SCOTT PEPKE, alleges that Defendant, YOLANDA NOGUERAS, violated his First Amendment (right to associate with his children); Fourth Amendment (right against unlawful seizure); Fifth Amendment (right against unlawful taking of his children and Right to Due Process)); in violation of 42 U.S.C. §1983.

68. Plaintiff, RANDOLPH SCOTT PEPKE, has a constitutional right to raise and live with his children as a family.  They were deprived of a right secured by the Constitution of the United States and that deprivation was committed under the color of Federal and State Law.

69. YOLANDA NOGUERAS acted to deprive FATHER of his constitutional rights by unlawfully interfering with the family unit without due process by having no reasonable suspicion or credible investigation for the seizure of LILA SNOW PEPKE, LAYLA SKY PEPKE and LILY RAIN PEPKE.

70. YOLANDA NOGUERAS has exhibited deliberate indifference to the constitutional rights of Plaintiffs by knowingly, intentionally or with reckless disregard ignoring the competent record evidence that CHILDREN would be in no harm while in the custody of FATHER.

71. YOLANDA NOGUERAS has knowingly, intentionally, or with reckless disregard ignored credible record evidence establishing that CHILDREN were in great danger and suffered abuse while in the custody of their biological mother and foster care families while in the care of DCF.

72. YOLANDA NOGUERAS has knowingly, intentionally or with reckless disregard failed to reasonable investigate the reports of abuse of the CHILDREN, and when offered evidence that established the FATHER was never liable for such abuse, while the biological

13

mother "coached" the CHILDREN and performed her own abuse, along with the foster families, YOLANDA NOGUERAS willfully ignored and discarded the evidence.

73. As a result of the actions of YOLANDA NOGUERAS, CHILDREN were removed from FATHER, placed in abusive settings with the biological mother and foster care families under the supervision of DCF.

74. As a result of the actions of YOLANDA NOGUERAS, FATHER and CHILDREN suffered physical harm, emotional harm and the loss of the love and support of their family.

WHEREFORE, Plaintiff, RANDOLPH COTT PEPKE, individually, and as natural parent and guardian of LILA SNOW PEPKE, LAYLA SKY PEPKE and LILY RAIN PEPKE, demands judgment against Defendant, YOLANDA NOGUERAS, for compensatory damages, punitive damages, interest, costs, attorneys' fees pursuant to 42 U.S.C. §1988 and any such other relief as this Court may deem equitable and just under the circumstances, and a trial by jury of all issues triable as a matter of right by a jury.

<u>COUNT V- VIOLATIONS OF CIVIL RIGHTS UNDER SECTION 1983 AGAINST DEFENDANT, ERICA LEE</u>

75. Plaintiff, RANDOLPH SCOTT PEPKE, re-alleges and re-avers the allegations contained above as through more fully set forth herein.

76. Plaintiff, RANDOLPH SCOTT PEPKE, alleges that Defendant, ERICA LEE, violated his First Amendment (right to associate with his children); Fourth Amendment (right against unlawful seizure); Fifth Amendment (right against unlawful taking of his children and Right to Due Process)); in violation of 42 U.S.C. §1983.

77. Plaintiff, RANDOLPH SCOTT PEPKE, has a constitutional right to raise and live with his children as a family.  They were deprived of a right secured by the Constitution of the United States and that deprivation was committed under the color of Federal and State Law.

14

78. ERICA LEE acted to deprive FATHER of his constitutional rights by unlawfully interfering with the family unit without due process by having no reasonable suspicion or credible investigation for the seizure of LILA SNOW PEPKE, LAYLA SKY PEPKE and LILY RAIN PEPKE.

79. ERICA LEE has exhibited deliberate indifference to the constitutional rights of Plaintiffs by knowingly, intentionally or with reckless disregard ignoring the competent record evidence that CHILDREN would be in no harm while in the custody of FATHER.

80. ERICA LEE has knowingly, intentionally, or with reckless disregard ignored credible record evidence establishing that CHILDREN were in great danger and suffered abuse while in the custody of their biological mother and foster care families while in the care of DCF.

81. ERICA LEE has knowingly, intentionally or with reckless disregard failed to reasonable investigate the reports of abuse of the CHILDREN, and when offered evidence that established the FATHER was never liable for such abuse, while the biological mother "coached" the CHILDREN and performed her own abuse, along with the foster families, ERICA LEE willfully ignored and discarded the evidence.

82. As a result of the actions of ERICA LEE, CHILDREN were removed from FATHER, placed in abusive settings with the biological mother and foster care families under the supervision of DCF.

83. As a result of the actions of ERICA LEE, FATHER and CHILDREN suffered physical harm, emotional harm and the loss of the love and support of their family.

WHEREFORE, Plaintiff, RANDOLPH COTT PEPKE, individually, and as natural parent and guardian of LILA SNOW PEPKE, LAYLA SKY PEPKE and LILY RAIN PEPKE, demands judgment against Defendant, ERICA LEE, for compensatory damages, punitive

15

damages, interest, costs, attorneys' fees pursuant to 42 U.S.C. §1988 and any such other relief as

this Court may deem equitable and just under the circumstances, and a trial by jury of all issues

triable as a matter of right by a jury.

<u>COUNT VI- VIOLATIONS OF CIVIL RIGHTS UNDER SECTION 1983 AGAINST
DEFENDANT, MARIA GANDUL</u>

84. Plaintiff, RANDOLPH SCOTT PEPKE, re-alleges and re-avers the allegations

contained above as through more fully set forth herein.

85. Plaintiff, RANDOLPH SCOTT PEPKE, alleges that Defendant, MARIA GANDUL,

violated his First Amendment (right to associate with his children); Fourth Amendment (right

against unlawful seizure); Fifth Amendment (right against unlawful taking of his children and

Right to Due Process)); in violation of 42 U.S.C. §1983.

86. Plaintiff, RANDOLPH SCOTT PEPKE, has a constitutional right to raise and live

with his children as a family.  They were deprived of a right secured by the Constitution of the

United States and that deprivation was committed under the color of Federal and State Law.

87. MARIA GANDUL acted to deprive FATHER of his constitutional rights by

unlawfully interfering with the family unit without due process by having no reasonable

suspicion or credible investigation for the seizure of LILA SNOW PEPKE, LAYLA SKY

PEPKE and LILY RAIN PEPKE.

88. MARIA GANDUL has exhibited deliberate indifference to the constitutional rights of

Plaintiffs by knowingly, intentionally or with reckless disregard ignoring the competent record

evidence that CHILDREN would be in no harm while in the custody of FATHER.

89. MARIA GANDUL has knowingly, intentionally, or with reckless disregard ignored

credible record evidence establishing that CHILDREN were in great danger and suffered abuse

while in the custody of their biological mother and foster care families while in the care of DCF.

16

90. MARIA GANDUL has knowingly, intentionally or with reckless disregard failed to reasonable investigate the reports of abuse of the CHILDREN, and when offered evidence that established the FATHER was never liable for such abuse, while the biological mother "coached" the CHILDREN and performed her own abuse, along with the foster families, MARIA GANDUL willfully ignored and discarded the evidence.

91. As a result of the actions of MARIA GANDUL, CHILDREN were removed from FATHER, placed in abusive settings with the biological mother and foster care families under the supervision of DCF.

92. As a result of the actions of MARIA GANDUL, FATHER and CHILDREN suffered physical harm, emotional harm and the loss of the love and support of their family.

WHEREFORE, Plaintiff, RANDOLPH COTT PEPKE, individually, and as natural parent and guardian of LILA SNOW PEPKE, LAYLA SKY PEPKE and LILY RAIN PEPKE, demands judgment against Defendant, MARIA GANDUL, for compensatory damages, punitive damages, interest, costs, attorneys' fees pursuant to 42 U.S.C. §1988 and any such other relief as this Court may deem equitable and just under the circumstances, and a trial by jury of all issues triable as a matter of right by a jury.

## COUNT VII- VIOLATIONS OF CIVIL RIGHTS UNDER SECTION 1983 AGAINST DEFENDANT, MIKE CARROLL

93. Plaintiff, RANDOLPH SCOTT PEPKE, re-alleges and re-avers the allegations contained above as through more fully set forth herein.

94. Plaintiff, RANDOLPH SCOTT PEPKE, alleges that Defendant, MIKE CARROLL, violated his First Amendment (right to associate with his children); Fourth Amendment (right against unlawful seizure); Fifth Amendment (right against unlawful taking of his children and Right to Due Process)); in violation of 42 U.S.C. §1983.

17

95. Plaintiff, RANDOLPH SCOTT PEPKE, has a constitutional right to raise and live with his children as a family.  They were deprived of a right secured by the Constitution of the United States and that deprivation was committed under the color of Federal and State Law.

96. MIKE CARROLL acted to deprive FATHER of his constitutional rights by unlawfully interfering with the family unit without due process by having no reasonable suspicion or credible investigation for the seizure of LILA SNOW PEPKE, LAYLA SKY PEPKE and LILY RAIN PEPKE.

97. MIKE CARROLL has exhibited deliberate indifference to the constitutional rights of Plaintiffs by knowingly, intentionally or with reckless disregard ignoring the competent record evidence that CHILDREN would be in no harm while in the custody of FATHER.

98. MIKE CARROLL has knowingly, intentionally, or with reckless disregard ignored credible record evidence establishing that CHILDREN were in great danger and suffered abuse while in the custody of their biological mother and foster care families while in the care of DCF.

99. MIKE CARROLL has knowingly, intentionally or with reckless disregard failed to reasonable investigate the reports of abuse of the CHILDREN, and when offered evidence that established the FATHER was never liable for such abuse, while the biological mother "coached" the CHILDREN and performed her own abuse, along with the foster families, MIKE CARROLL willfully ignored and discarded the evidence.

100.    As a result of the actions of MIKE CARROLL, CHILDREN were removed from FATHER, placed in abusive settings with the biological mother and foster care families under the supervision of DCF.

101.    As a result of the actions of MIKE CARROLL, FATHER and CHILDREN suffered physical harm, emotional harm and the loss of the love and support of their family.

18

WHEREFORE, Plaintiff, RANDOLPH COTT PEPKE, individually, and as natural parent and guardian of LILA SNOW PEPKE, LAYLA SKY PEPKE and LILY RAIN PEPKE, demands judgment against Defendant, MIKE CARROLL, for compensatory damages, punitive damages, interest, costs, attorneys' fees pursuant to 42 U.S.C. §1988 and any such other relief as this Court may deem equitable and just under the circumstances, and a trial by jury of all issues triable as a matter of right by a jury.

<u>COUNT VIII- VIOLATIONS OF CIVIL RIGHTS UNDER SECTION 1983 AGAINST<br>DEFENDANT, ANNETTE JOSE</u>

102.    Plaintiff, RANDOLPH SCOTT PEPKE, re-alleges and re-avers the allegations contained above as through more fully set forth herein.

103.    Plaintiff, RANDOLPH SCOTT PEPKE, alleges that Defendant, ANNETTE JOSE, violated his First Amendment (right to associate with his children); Fourth Amendment (right against unlawful seizure); Fifth Amendment (right against unlawful taking of his children and Right to Due Process)); in violation of 42 U.S.C. §1983.

104.    Plaintiff, RANDOLPH SCOTT PEPKE, has a constitutional right to raise and live with his children as a family.  They were deprived of a right secured by the Constitution of the United States and that deprivation was committed under the color of Federal and State Law.

105.    ANNETTE JOSE acted to deprive FATHER of his constitutional rights by unlawfully

interfering with the family unit without due process by having no reasonable suspicion or credible investigation for the seizure of LILA SNOW PEPKE, LAYLA SKY PEPKE and LILY RAIN PEPKE.

106.    ANNETTE JOSE has exhibited deliberate indifference to the constitutional rights

of Plaintiffs by knowingly, intentionally or with reckless disregard ignoring the competent record evidence that CHILDREN would be in no harm while in the custody of FATHER.

107.    ANNETTE JOSE has knowingly, intentionally, or with reckless disregard ignored credible record evidence establishing that CHILDREN were in great danger and suffered abuse while in the custody of their biological mother and foster care families while in the care of DCF.

108.    ANNETTE JOSE has knowingly, intentionally or with reckless disregard failed to reasonable investigate the reports of abuse of the CHILDREN, and when offered evidence that established the FATHER was never liable for such abuse, while the biological mother "coached" the CHILDREN and performed her own abuse, along with the foster families, ANNETTE JOSE willfully ignored and discarded the evidence.

109.    As a result of the actions of ANNETTE JOSE, CHILDREN were removed from FATHER, placed in abusive settings with the biological mother and foster care families under the supervision of DCF.

110.    As a result of the actions of ANNETTE JOSE, FATHER and CHILDREN suffered physical harm, emotional harm and the loss of the love and support of their family.

WHEREFORE, Plaintiff, RANDOLPH COTT PEPKE, individually, and as natural parent and guardian of LILA SNOW PEPKE, LAYLA SKY PEPKE and LILY RAIN PEPKE, demands judgment against Defendant, ANNETTE JOSE, for compensatory damages, punitive damages, interest, costs, attorneys' fees pursuant to 42 U.S.C. §1988 and any such other relief as this Court may deem equitable and just under the circumstances, and a trial by jury of all issues triable as a matter of right by a jury.

<u>COUNT IX- VIOLATIONS OF CIVIL RIGHTS UNDER SECTION 1983 AGAINST<br>DEFENDANT, RONNITA WATERS</u>

111.    Plaintiff, RANDOLPH SCOTT PEPKE, re-alleges and re-avers the allegations

20

contained above as through more fully set forth herein.

112.   Plaintiff, RANDOLPH SCOTT PEPKE, alleges that Defendant, RONNITA WATERS, violated his First Amendment (right to associate with his children); Fourth Amendment (right against unlawful seizure); Fifth Amendment (right against unlawful taking of his children and Right to Due Process)); in violation of 42 U.S.C. §1983.

113.   Plaintiff, RANDOLPH SCOTT PEPKE, has a constitutional right to raise and live with his children as a family.  They were deprived of a right secured by the Constitution of the United States and that deprivation was committed under the color of Federal and State Law.

114.   RONNITA WATERS acted to deprive FATHER of his constitutional rights by unlawfully interfering with the family unit without due process by having no reasonable suspicion or credible investigation for the seizure of LILA SNOW PEPKE, LAYLA SKY PEPKE and LILY RAIN PEPKE.

115.   RONNITA WATERS has exhibited deliberate indifference to the constitutional rights of Plaintiffs by knowingly, intentionally or with reckless disregard ignoring the competent record evidence that CHILDREN would be in no harm while in the custody of FATHER.

116.   RONNITA WATERS has knowingly, intentionally, or with reckless disregard ignored credible record evidence establishing that CHILDREN were in great danger and suffered abuse while in the custody of their biological mother and foster care families while in the care of DCF.

117.   RONNITA WATERS has knowingly, intentionally or with reckless disregard failed to reasonable investigate the reports of abuse of the CHILDREN, and when offered evidence that established the FATHER was never liable for such abuse, while the biological

mother "coached" the CHILDREN and performed her own abuse, along with the foster families, RONNITA WATERS willfully ignored and discarded the evidence.

118.    As a result of the actions of RONNITA WATERS, CHILDREN were removed from FATHER, placed in abusive settings with the biological mother and foster care families under the supervision of DCF.

119.    As a result of the actions of RONNITA WATERS, FATHER and CHILDREN suffered physical harm, emotional harm and the loss of the love and support of their family.

WHEREFORE, Plaintiff, RANDOLPH COTT PEPKE, individually, and as natural parent and guardian of LILA SNOW PEPKE, LAYLA SKY PEPKE and LILY RAIN PEPKE, demands judgment against Defendant, RONNITA WATERS, for compensatory damages, punitive damages, interest, costs, attorneys' fees pursuant to 42 U.S.C. §1988 and any such other relief as this Court may deem equitable and just under the circumstances, and a trial by jury of all issues triable as a matter of right by a jury.

### COUNT X- VIOLATIONS OF CIVIL RIGHTS UNDER SECTION 1983 AGAINST DEFENDANT, DOCTOR QUINA H. MUNSON

120.    Plaintiff, RANDOLPH SCOTT PEPKE, re-alleges and re-avers the allegations contained above as through more fully set forth herein.

121.    Plaintiff, RANDOLPH SCOTT PEPKE, alleges that Defendant, DOCTOR QUINA H. MUNSON, violated his First Amendment (right to associate with his children); Fourth Amendment (right against unlawful seizure); Fifth Amendment (right against unlawful taking of his children and Right to Due Process)); in violation of 42 U.S.C. §1983.

122.    Plaintiff, RANDOLPH SCOTT PEPKE, has a constitutional right to raise and live with his children as a family.  They were deprived of a right secured by the Constitution of the United States and that deprivation was committed under the color of Federal and State Law.

123.     DOCTOR QUINA H. MUNSON acted to deprive FATHER of his constitutional rights by unlawfully interfering with the family unit without due process by having no reasonable suspicion or credible investigation for the seizure of LILA SNOW PEPKE, LAYLA SKY PEPKE and LILY RAIN PEPKE.

124.     DOCTOR QUINA H. MUNSON has exhibited deliberate indifference to the constitutional rights of Plaintiffs by knowingly, intentionally or with reckless disregard ignoring the competent record evidence that CHILDREN would be in no harm while in the custody of FATHER.

125.     DOCTOR QUINA H. MUNSON has knowingly, intentionally, or with reckless disregard ignored credible record evidence establishing that CHILDREN were in great danger and suffered abuse while in the custody of their biological mother and foster care families while in the care of DCF.

126.     DOCTOR QUINA H. MUNSON has knowingly, intentionally or with reckless disregard failed to actively and reasonably investigate the reports of abuse of the CHILDREN and submitted false reports to DCF and the Dependency Judge regarding the conduct of FATHER.  DOCTOR QUINA H. MUNSON also knowingly, intentionally or with reckless disregard made false evaluations of the CHILDREN of their ability to testify and of their psychological condition, while she focused only on a false narrative about the FATHER in an attempt to support DCF's position.

127.     As a result of the actions of DOCTOR QUINA H. MUNSON, services were continued for CHILDREN under the supervision of DCF, which prevented FATHER from moving to Ohio to properly raise the CHILDREN.  Continued services are also not in the best interest of the CHILDREN.

128. As a result of the actions of DOCTOR QUINA H. MUNSON, FATHER and CHILDREN suffered physical harm, emotional harm and the loss of the love and support of their family.

WHEREFORE, Plaintiff, RANDOLPH COTT PEPKE, individually, and as natural parent and guardian of LILA SNOW PEPKE, LAYLA SKY PEPKE and LILY RAIN PEPKE, demands judgment against Defendant, DOCTOR QUINA H. MUNSON, for compensatory damages, punitive damages, interest, costs, attorneys' fees pursuant to 42 U.S.C. §1988 and any such other relief as this Court may deem equitable and just under the circumstances, and a trial by jury of all issues triable as a matter of right by a jury.

## COUNT XI- NEGLIGENCE AGAINST FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES

129. Plaintiff re-alleges and re-avers the same allegations set forth in paragraphs set forth above.

130. At all times material hereto, the FLORIDA DEPARTMENT AND FAMILIES owed the following duties while LILA SNOW PEPKE, LAYLA SKY PEPKE and LILY RAIN PEPKE, were in its protective custody, care and supervision:

    a. The duty to prevent further harm to children when reports of child abuse are received;

    b. Assumed the duty to protect the children from further abuse and harm of which it knew or should have known.

131. FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES breached its duties to the children in the following ways:

    a. DCF knew or should have known that the children were physically and/or psychologically harmed or abused while in the protective custody, care and supervision of the DCF and said information included but was not limited to the children being reported abused by the biological mother and foster care families.

DCF negligently and carelessly failed to protect the children from further harm and abuse and failed to provide protection to safeguard their well being.

b.  DCF's caseworkers failed to properly investigate and respond to reports of physical and psychological abuse and harm relative to LILA SNOW PEPKE, LAYLA SKY PEPKE, and LILY RAIN PEPKE.

132.  That as a direct and proximate result of the negligence of the Defendant as aforesaid,

LILA SNOW PEPKE, LAYLA SKY PEPKE and LILY RAIN PEPKE, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition.  The losses are either permanent or continuing in their nature, and Plaintiff will suffer the losses in the future.

## COUNT XII- ABUSE OF PROCESS AGAINST ALL DEFENDANTS

133.  Plaintiff re-alleges and re-avers the same allegations set forth in paragraphs set forth above.

134.  As set forth above, Defendants engaged in an illegal, improper, or perverted use of process.

135.  Defendants had an ulterior motive for its actions; to wit, to establish a reason why CHILDREN was originally removed from their FATHER.

136.  Plaintiff was damaged as a result of Defendants' actions.

137.  As a direct and proximate result of Defendants' unlawful actions, Plaintiff suffered damages and will continue to suffer irreparable injury and damages in the future, including, but not limited to:  loss of parental society and companionship, acts of kindness in relation, and of nurture, involving caring, training, advice, guidance, and education; loss of the

ability to enjoy life; damage to reputation and self-esteem; loss of past and future income; loss of

past and future earning capacity; loss of other fringe benefits; stress, anxiety and emotional

distress; significant past and future mental pain and suffering; and other financial and non-

financial losses.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in their favor

against Defendants:

a. Declaring that the acts and practices complained of herein are in violation of

Plaintiff's rights;

b. Awarding Plaintiff compensatory, consequential and punitive damages;

c. Awarding Plaintiff all other sums of money to which Plaintiff is entitled;

d. Awarding prejudgment interest, post judgment interest and damages;

e. Ordering any other relief, including equitable, this Court deems to be just and proper.

COUNT XIII- MALICIOUS PROSECUTION AGAINST ALL DEFENDANTS

138. Plaintiff re-alleges and re-avers the same allegations set forth in paragraphs

set forth above.

139. Defendants caused the aforementioned proceedings to be instituted against

Plaintiff.

140. Defendants were the legal causation of the prosecution against Plaintiff.

141. There was an absence of probable cause for prosecution of such proceedings.

142. Defendants acted with the requisite malice against Plaintiff in instituting,

maintaining and continuing with such proceedings.

143. Plaintiff suffered damages as a result of Defendants' wrongful conduct.

144. As a direct and proximate result of unlawful actions, Plaintiff suffered damages

and will continue to suffer irreparable injury and damages in the future, including, but not limited to:  loss of parental society and companionship, acts of kindness in relation, and of nurture, involving caring, training, advice, guidance, and education; loss of the ability to enjoy life, damage to reputation and self-esteem: loss of past and future income; loss of past and future earning capacity; loss of other fringe benefits; stress, anxiety and emotional distress; significant past and future mental pain and suffering; and other financial and non-financial losses.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in their favor against Defendants:

a. Declaring that the acts and practices complained of herein are in violation of Plaintiff's rights;

b. Awarding Plaintiff compensatory, consequential and punitive damages;

c. Awarding Plaintiff all other sums of money to which Plaintiff is entitled;

d. Awarding prejudgment interest, post judgment interest and damages;

COUNT -XIV INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS

145.    Plaintiff re-alleges and re-avers the same allegations set forth in paragraphs set forth above.

146.    Defendants' conduct was intentional or reckless, that is, they intended their behavior when they knew or should have known that emotional distress to Plaintiff would likely result.

147.    The conduct was outrageous, that is, it went beyond all bounds of decency, and should be regarded as odious and utterly intolerable in a civilized community.

148.    The conduct of Defendants caused emotional distress to Plaintiff.

149.    The emotional distress caused by Defendants was severe.

150.    Plaintiff suffered damages as a result of Defendants' wrongful conduct.

151.    As a direct and proximate result of unlawful actions, Plaintiff suffered damages and will continue to suffer irreparable injury and damages in the future, including, but not limited to:  loss of parental society and companionship, acts of kindness in relation, and of nurture, involving caring, training, advice, guidance, and education; loss of the ability to enjoy life, damage to reputation and self-esteem: loss of past and future income; loss of past and future earning capacity; loss of other fringe benefits; stress, anxiety and emotional distress; significant past and future mental pain and suffering; and other financial and non-financial losses.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in their favor against Defendants:

a.  Declaring that the acts and practices complained of herein are in violation of Plaintiff's rights;

b.  Awarding Plaintiff compensatory, consequential and punitive damages;

c.  Awarding Plaintiff all other sums of money to which Plaintiff is entitled;

d.  Awarding prejudgment interest, post judgment interest and damages;

e.  Ordering any other relief, including equitable, this Court deems to be just and proper.

## TRIAL BY JURY

Plaintiff demands a trial by jury of all issues so triable.

DATED this 28th day of February, 2018.

28

Respectfully Submitted,

**Law Offices of Shaun M. Zaciewski, P.A.**

*Attorney for Plaintiff*
121 South 61st Terrace, Suite A
Hollywood, Florida 33023
Tel:  (786)-353-0195

By:_____
    SHAUN M. ZACIEWSKI, ESQ.
    Florida Bar No. 28698
    Shaunz@Zaciewskilaw.com