UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-60432-BLOOM/Valle

RANDOLPH SCOTT PEPKE, JR.,
Individually and as natural parent
and guardian of L.S.P; L.S.P and L.R.P.,

    Plaintiff,

v.

FLORIDA DEPARTMENT OF FAMILIES, *et. al.,*

    Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant Ronnita Waters's ("Defendant") Motion to Quash Improper Service of Process and Notice of Limited Appearance, ECF No. [122] (the "Motion"). In the Motion, Defendant argues that Plaintiff served her with a copy of the original Complaint, not the operative Amended Complaint, requiring that service be quashed. *See* ECF No. [122]. In addition, because Plaintiff filed this lawsuit more than 90 days ago and purportedly failed to effectuate service on her, Defendant requests dismissal of Plaintiff's claims against her. *Id.* For the reasons set forth below, Defendant's Motion is granted in part and denied in part**.**

Plaintiff originally filed this lawsuit against Defendants on February 28, 2018, alleging claims pursuant to 42 U.S.C. § 1983 for violations of his First, Fourth, and Fifth Amendment rights, negligence, abuse of process, malicious prosecution, and intentional infliction of emotional distress. *See* ECF No. [1]. Plaintiff's claims are based on Defendants' alleged wrongful removal of his children without conducting a proper investigation into the false claims

of abuse and the purported failure to provide due process of law. *Id.* On April 26, 2018, Plaintiff filed an Amended Complaint against Defendants. *See* ECF No. [60]. Thereafter, on May 24, 2018, Plaintiff purportedly served Defendant with "a true copy of the SUMMONS, COMPLAINT FOR DAMAGES . . . ." *See* ECF No. [108] (caps in original). It is undisputed that Plaintiff served Defendant with a copy of the Complaint on this date but not a copy of the operative pleading, the Amended Complaint. *See* ECF Nos. [122] and [132]. On this basis, Defendant seeks to quash service.

Federal Rule of Civil Procedure 4(e) allows service of process upon an individual either (1) pursuant to the law of the state wherein the district court is located or service is effected, or (2) by personally delivering a copy of the summons and complaint to the individual or by leaving copies at that individual's place of abode with an individual of suitable age and discretion residing at that residence or to an authorized agent. *See Martin v. Salvatierra*, 233 F.R.D. 630, 631 (S.D. Fla. 2005). "Statutes governing service of process are to be strictly construed to insure that a defendant receives notice of the proceedings; the burden of proving the validity of service of process is on the plaintiff." *Id.* (citing *Anthony v. Gary J. Rotella & Assocs., P.A.,* 906 So. 2d 1205, 1207 (Fla. 4th DCA 2005)). Service will be deemed insufficient if a plaintiff serves a defendant with an original pleading that has since been superseded by an amended pleading. *Id.* (citing *Gellert v. Richardson,* No. 95–256–CIV–ORL–19, 1996 WL 107550, at *2 (M.D. Fla. 1996)). In *Martin*, the district court quashed service of the original complaint, finding that service is invalid when a plaintiff serves a defendant with a copy of an inoperative pleading. *Id.* ("I agree with the officers that Ms. Martin must effectuate service of her amended complaint and not her original complaint"). This case is no different as Plaintiff's process server admittedly

served Defendant with a copy of the original Complaint even though the Amended Complaint had superseded it.

Citing to case law from outside the Eleventh Circuit, Plaintiff asks the Court to find substantial compliance as his "service of process had accomplished its intended function in that it actually afforded the defendants notice of pendency of action against them" and the defect in service did not cause Defendant any prejudice. *See* ECF No. [132]. Courts within this district have rejected such an approach as it would require the denial of all motions to quash based on improper service as long as the defendant knew about the lawsuit. *See Rinker v. Carnival Corp.*, No. 09-23154-CIV, 2010 WL 11505850, at *1 (S.D. Fla. Mar. 15, 2010) ("Plaintiffs assert that the purpose of service, notice to the party of the action against them, has been met and thus, service is proper. If the Court were to accept this argument, anytime a party sought to quash service of process based on improper service the motion to quash would have to be denied because a motion to quash establishes that the party has notice of the action."). This Court is mindful that statutes governing service of process must be strictly construed, and for that reason, it declines to adopt Plaintiff's substantial compliance approach. As it is undisputed that Plaintiff served Defendant with a copy of an inoperative pleading, the Court finds that service of process on Defendant was invalid and must be quashed.

Alternatively, Plaintiff requests the opportunity to serve the Amended Complaint on Defendant if the Court determines that service is insufficient. *See* ECF No. [132] at 4. Defendant, on the other hand, argues that Plaintiff failed to serve her within 90 days of filing the Complaint and was not diligent in obtaining service, requiring dismissal of this action against her without prejudice. *See* ECF No. [122] at 5. As Defendant acknowledges in her Reply, the Court may, within its discretion, extend the timeframe in which Plaintiff may perfect service of

process. Indeed, Rule 4(m) provides that "if the plaintiff shows good cause for the failure [to serve], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Dismissal for failure to serve under Rule 4(m) is within the Court's discretion based on the consideration of many factors, such as whether the applicable statute of limitations would bar a refiled action, if the defendant is evading service, or if the defendant conceals a defect in attempted service. *See Gueli v. United States*, No. 806CV1080T27MSS, 2006 WL 3219272, at *3 (M.D. Fla. Nov. 6, 2006). Here, the same Return of Service upon which Defendant relies demonstrates that Plaintiff attempted to serve her at three different addresses on eight different occasions prior to serving her with the original Complaint and Summons on May 24, 2018. *See* ECF No. [108]. Finding that good cause exists for an extension of time under these circumstances, the Court exercises its discretion to extend the period of time to effectuate service of the Summons and Amended Complaint on Defendant. *See Martin*, 233 F.R.D. at 632 (quashing service and granting the plaintiff additional time to serve the defendants); *Bien-Aime v. Henner, Inc.*, No. 15-81478-CIV, 2016 WL 6436773, at *2 (S.D. Fla. Feb. 25, 2016) (quashing service and granting dismissal without prejudice while allowing the plaintiff an additional 45 days to re-serve the defendant). Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant Ronnita Waters's Motion to Quash Improper Service of Process and Notice of Limited Appearance, **ECF No. [122]**, is **GRANTED in part** to the extent that Plaintiff's service of the Summons and the original Complaint on Defendant is **QUASHED**. Plaintiff must re-serve Defendant Ronnita Waters no later than **July 20, 2018**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6th day of July, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record