UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-60432-BLOOM/Valle

RANDOLPH SCOTT PEPKE, JR.,
Individually and as natural parent
and guardian of L.S.P; L.S.P and L.R.P.,

    Plaintiff,

v.

FLORIDA DEPARTMENT OF FAMILIES, *et. al.,*

    Defendants.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Rehearing and/or Reconsideration of the Court's Omnibus Order Granting Motions to Dismiss (the "Motion for Reconsideration"), ECF No. [160]. The Court has reviewed the Motion for Reconsideration, all supporting and opposing submissions, the record in this case, and is otherwise fully advised as to the premises. For the reasons set forth below, Plaintiff's Motion for Reconsideration is denied.

### I. BACKGROUND

Plaintiff, Randolph Scott Pepke Jr. ("Plaintiff"), filed this lawsuit individually and as the natural parent and guardian of Lila Snow Pepke, Layla Sky Pepke, and Lily Rain Pepke (collectively "the children") against Defendants arising out of dependency proceedings filed against Plaintiff in state court. *See* ECF No. [60]. According to the Amended Complaint, on November 6, 2015, DCF allegedly removed the children from Plaintiff's care and custody, placing them in foster care after receiving frivolous reports of abuse. *Id.* at ¶ 16. As fully set

forth in this Court's Omnibus Order on Motions to Dismiss, Plaintiff alleges that Defendants engaged in wrongful conduct while the children were in foster care and during the course of the dependency proceedings. ECF No. [159] at 2-5.

All Defendants with the exception of Terilee Wunderman, who Plaintiff voluntarily dismissed from this lawsuit, *see* ECF No. [116], moved to dismiss the Amended Complaint on numerous grounds. *See* ECF Nos. [73], [74], [83], [84], [85], [113], [114], [147], and [148]. This Court granted the motions to dismiss for lack of subject-matter jurisdiction under the *Rooker-Feldman* Doctrine. *See generally* ECF No. [159]. In finding that Plaintiff's claims were inextricably intertwined with the dependency court's orders, this Court reasoned that

> If Plaintiff is to succeed on his § 1983 claims, it would require a finding that he was unlawfully deprived of his children during the course of the dependency proceedings without due process, which would in turn require a finding that the state dependency court wrongly removed the children from his custody.

*Id.* at 12. The Court then found that Plaintiff had a reasonable opportunity to present his constitutional claims in dependency court, given that Plaintiff alleged that he participated in the dependency proceedings. *Id.* After reaching the conclusion that the Court lacked jurisdiction to grant the relief requested as to Plaintiff's § 1983 claims, the court declined to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. *Id.* at 14.

Plaintiff timely filed his Motion for Reconsideration on August 30, 2018. Defendants filed Responses to the Motion, to which Plaintiff filed Replies. ECF Nos. [161], [162], [163], [164], [165], [166]. The Motion for Reconsideration is now ripe for consideration.

**II. STANDARD**

Plaintiff requests that the Court reconsider its Omnibus Order of Dismissal, ECF No. [159], pursuant to Rule 59(e) of the Federal Rules. "While Rule 59(e) does not set forth any

specific criteria, the courts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357–58 (S.D. Fla. 2004) (citing *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)); s*ee also Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) ("[T]here are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice"). "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Wendy's Int'l, Inc. v. Nu–Cape Const.*, Inc., 169 F.R.D. 680, 685 (M.D. Fla. 1996); *see also Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1290 (S.D. Fla. 2012) ("A motion for reconsideration is an extraordinary remedy to be employed sparingly.") (citation omitted).

"Motions for reconsideration are appropriate where, for example, the Court has patently misunderstood a party." *Compania de Elaborados de Cafe v. Cardinal Capital Mgmt., Inc.*, 401 F. Supp. 2d 1270, 1283 (S.D. Fla. 2003). But "[a] motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992). "[T]he movant must do more than simply restate his or her previous arguments, and any arguments the movant failed to raise in the earlier motion will be deemed waived." *Compania*, 401 F. Supp. 2d at 1283. Simply put, a party "cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the

entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

## III. DISCUSSION

Plaintiff argues that reconsideration is warranted to prevent manifest injustice. "Manifest injustice 'refers to injustice that is apparent to the point of almost being indisputable.'" *MSPA Claims 1, LLC v. First Acceptance Ins. Co.*, No. 16-20314-CIV, 2017 WL 3671033, at *5 (S.D. Fla. Aug. 24, 2017). "[M]anifest injustice occurs where the Court 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . . Such problems rarely arise and the motion to reconsider should be equally rare.'" *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1292–93 (S.D. Fla. 2012) (quoting *Compania de Elaborados de Cafe v. Cardinal Capital Mgmt., Inc.*, 401 F. Supp. 2d 1270, 1283 (S.D. Fla. 2003)).

Plaintiff contends that "this Court failed to consider the fact that the Plaintiff did not have the opportunity to allege this constitutional issue on [sic] the dependency case and that the *Rooker-Feldman* Doctrine does not apply to this case …" ECF No. [164] at ¶ 9; ECF No. [165] at ¶ 9; ECF No. [166] at ¶ 10. Presumably to show that Plaintiff did not have an opportunity to raise his constitutional claims in the dependency case, Plaintiff attaches to the Motion for Reconsideration 512 pages of transcripts from the dependency case. ECF No. [160] at 8-519.

The Court is unpersuaded by Plaintiff's argument. First, Plaintiff's argument is improper as it reiterates arguments previously made in response to Defendants' Motions to Dismiss, and attaches transcripts from the dependency case that could have been presented to the Court before it ruled on the Motions to Dismiss. The Court has already addressed the arguments and determined that Plaintiff, as a participant in the dependency proceedings, had a reasonable

opportunity to present his constitutional claims in the dependency court. *See* ECF No. [159] at 12. Second, Plaintiff's Motion for Reconsideration does not attempt to explain how the 512 pages of transcripts from the dependency case show that Plaintiff did not have an opportunity to present the constitutional claims in state court. The Motion for Reconsideration does not even provide the Court with a single citation to any portion of the transcript for the court to consider. "Judges are not like pigs, hunting for truffles buried in briefs." *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (Posner, J.). "Likewise, district court judges are not required to ferret out delectable facts buried in a massive record." *Chavez v. Sec'y Florida Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011). The Court will not search through the 512 pages of transcripts without any direction from Plaintiff as to what might indicate that Plaintiff did not have an opportunity to present his constitutional claims or where that may be located or supported in the record.

In the Motion for Reconsideration, Plaintiff also raises a new argument that even if the *Rooker-Feldman* Doctrine bars Plaintiff's claims, the Court has jurisdiction over Defendants' violations of the children's rights. *Id.* at 4-6. The Court rejects this argument because no federal (or state) claims have been asserted in this case on behalf of the children. Rather, all ten § 1983 counts purport to state violations of Plaintiff's First Amendment right to associate with his children, Fourth Amendment right against the unlawful seizure of his children, and Fifth Amendment right against the unlawful taking of his children and right to due process. *See* ECF No. [60] at Counts I –X.[1]

---

[1] Plaintiff's request for an evidentiary hearing, raised for the first time in his Motion for Reconsideration, is also denied. Plaintiff has not demonstrated that an evidentiary hearing would be necessary to resolve the issue before this Court.

It is therefore **ORDERED AND ADJUDGED** that Plaintiff's Motion for Reconsideration, **ECF No. [160]**, is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 29th day of October, 2018.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of record